By the Court.—Hobace Russell, J.
The following extract from the opinion of the court below states the proposition of law to be considered on this appeal:
1 ‘ In the absence of an express agreement that the defendants might part with the bonds, or use them, provided a sufficient amount of like bonds were always kept on hand for the defendants, I am of opinion that the defendants were bound to keep in their possession the identical bonds bought for the plaintiffs. I do not see that government bonds have the same kind of equivalency between themselves that measures of grain or undivided interest in capital stock of corporations, evidenced by certificates, have between themselves. Bonds of a government have the characteristic individuality that promissory notes of natural persons have, and a contract in reference to the bonds is to be held, by force of the contract, to refer only to the very bonds.
“ As to whether the express agreement relieves the defendants from their obligations, the defendants, under the circumstances of this case, have to prove it by a preponderance of evidence. On the whole, the *65 conclusion that best satisfies me is that nothing was said on the subject that would amount to an agreement.
. “If the agreement were that the defendants might use the bonds, it would be broken by an absolute disposition of them, even if an equal amount were always kept for the plaintiffs, and the inference in this case is that the defendants have absolutely disppsed of or parted with the bonds.
“ The effect of this is such a breach of the original contract, that the defendants are not entitled to recover any damages against the plaintiffs on their counterclaim.”
The learned judge who tried this case justified his finding of law that the defendants were not entitled to recover any part of their counter-claim, upon the theory that they unlawfully and improperly sold, in March, 1877, the bonds which they had agreed to carry for the plaintiffs, in such a manner as to constitute a conversion by them, and that the effect of such conversion was to destroy their claim for interest on the loan originally made.
Whether or not, under the law, the defendants were bound to keep on hand for the plaintiffs the identical bonds originally purchased, I do not feel prepared to express an opinion. Conceding that their failure to do so was a wrong, and conceding that the defendants technically converted the bonds remaining with them as a collateral security upon their loan to the plaintiffs —I think the judge’s view of the law, as to the effect of such conversion, incorrect.
In Gruman v. Smith (9 Reporter, 748), substantially the same question of law was before the court of appeals. In that case, the assignee of Fitch & Co., stockbrokers, brought an action to recover $1,596.29, a balance due growing out of a stock transaction. Fitch '& Co. had sold the stock in such a manner as to *66 amount to a technical conversion. The court below nonsuited the plaintiff because of the broker’s conversion. The plaintiff claimed that his cause of action grew out of the original purchase of the stock, and not out of its wrongful conversion after it became a collateral. The general term sustained the defendant’s view that the conversion by the broker was a bar to an action by his assignee for brokerage and interest up to the time of such conversion. The court of appeals (Chubch, Ch. J., writing the opinion) held that the conversion did not operate as an extinguishment of the entire claim of the broker against his customer, but simply gave the customer a cause of action for the damages which he sustained by reason of the conversion, which could be offset against any sum found due the brokers.
In the case at bar the counter-claim was for the debt due the defendants from the plaintiff for advances and interest thereon ; and so this case, in this respect, is precisely similar to that of Gfruman -o. Smith. The effect of the conversion was not to extinguish the just claims of the defendants for their loans with interest up to the time of the conversion, but simply to give the plaintiffs an offset or counter-claim for any damages which they suffered by reason of the sale which was held to amount to a conversion.
The judgment must be reversed and a new trial ordered, with costs to abide the event.
Speir, J., concurred.